**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

WILLIS ALLEN,

                Plaintiff,

v.                                     CIVIL  ACTION  NO.  3:09-1144

NATIONWIDE INSURANCE COMPANY,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

On July 6, 2010, Defendant Nationwide Insurance Company filed a Motion for Summary Judgment. [Doc. No. 14].  Having not received a Response from Plaintiff Willis Allen, the Court called Plaintiff's counsel on August 4, 2010, and left a message to determine whether Plaintiff intended to file a late response.  After not receiving a return call, the Court entered an Order on August 10, 2010, directing Plaintiff to file his Response, if any, on or before August 13, 2010.  The Court warned Plaintiff that if it did not receive a Response by the late deadline, it would consider Defendant's motion ripe for determination.  As that time has now expired and the Court did not receive a Response, the Court will proceed to rule upon Defendant's motion.

Plaintiff filed a two page Complaint in the Circuit Court of Wayne County, West Virginia on September 4, 2009.  In the Complaint, Plaintiff assets he was insured by Defendant when he was involved in an auto accident on July 14, 2004.  Although Plaintiff contends he was not at fault and provided documents to Defendant proving this fact, he claims Defendant placed him on high risk insurance and has refused to remove him from that category.  As a result, other insurance

companies also have rated him as high risk.  Plaintiff claims damages due to the increase in his insurance costs, loss of property due to an inability to pay for coverage, and annoyance and aggravation.  On October 16, 2009, Defendant removed the action to this Court.

In its Motion for Summary Judgment, Defendant argues Plaintiff's action is barred by the statute of limitations.  Defendant asserts Plaintiff was given notice of the premium change on October 19, 2004.  Construing his claims as being for bad faith and for violations of the West Virginia Unfair Trade Practices Act (UTPA), Defendant asserts Plaintiff's claims are time barred. Upon review, this Court agrees.  The statute of limitations for claims of common law bad faith and violations of the UTPA is one year. *See* Syl. Pt. 4, *Noland v. Virginia Ins. Reciprocal,* 224 W. Va. 372, 686 S.E.2d 23 (2009) (holding "[t]he one year statute of limitations contained in W. Va. Code § 55-2-12(c) (1959) (Repl. Vol. 2008) applies to a common law bad faith claim"); Syl. Pt. 1, *Wilt v. State Auto. Mut. Ins. Co.*, 203 W. Va. 165, 506 S.E.2d 608 (1998) (stating "[c]laims involving unfair settlement practices that arise under the Unfair Trade Practices Act, West Virginia Code § 33-11-1 to -10 (1996 & Supp.1997), are governed by the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c) (1994)").  As Plaintiff did not challenge that he knew about the premium increase since October 19, 2004, and he did not file his action for nearly five years thereafter, the Court **GRANTS** Defendant's Motion for Summary Judgment on the grounds that the action violates the statute of limitations.[1]

---

[1]In Plaintiff's Answers to Defendant's First Set of Interrogatories and First Request for Production of Documents, Plaintiff appears to say his claims are not only for bad faith and violations of the UTPA, but also for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Fourteenth Amendment to the United States Constitution.  Defendant argues that
(continued...)

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       August 19, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
any RICO claim also is barred by the applicable statute of limitations and his claim under the Fourteenth Amendment is barred because Defendant is not a state actor.  However, even upon the most liberal reading of the Complaint, the Court cannot find any claims under RICO or the Fourteenth Amendment are made.  Thus, the Court finds that it need not address these purported claims as they do not exist in the Complaint.